IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-58 |
| | § | C.A. No. C-06-470 |
| ERNESTO ALVARADO, | § | |
| Defendant/Movant. | § | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND
ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Ernesto Alvarado's ("Alvarado") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 53).[1]  Also before the Court is the government's response, which moves to dismiss Alvarado's motion. (D.E. 55, 56.)  Alvarado had until January 30, 2007 to file his reply (D.E. 54); to date, no reply has been filed.  For the reasons set forth below, the Court GRANTS the government's motion to dismiss (D.E. 56) and DENIES Alvarado's § 2255 motion (D.E. 53). Additionally, the Court DENIES Alvarado a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

**II. BACKGROUND**

**A.    Facts of the Offense[2]**

On February 11, 2003, a white van bearing removable magnetic Time Warner Communications logos on its sides arrived at the Falfurrias, Texas, Border Patrol Checkpoint.  The driver, Efrain

---

[1] Docket entry references are to the criminal case.

[2] These facts are taken from Alvarado's Presentence Investigation Report ("PSR") at ¶¶ 3-6.

Mendez, and the sole passenger, Alvarado, both stated that they were United States citizens.  During questioning, a service canine alerted to the back of the van.  The agent requested and received consent to search the vehicle.  Once in the secondary inspection lane, the agent observed an excessive amount of cable rolls in the center area of the van, covering four cardboard boxes.  Inside the boxes were several bundles wrapped in plastic that appeared to agents to be marijuana.  Later the bundles were determined to contain 199.5 kilograms (net weight) of cocaine, with an 89% purity.

Mendez and Alvarado initially advised that they were willing to answer questions.  Mendez again advised agents that they were traveling to San Antonio to work, and provided the agent with a telephone number for his supervisor.  Additionally, both men were wearing clothing with Time Warner Communications logos.  Further investigation revealed that neither man worked for Time Warner.  Mendez and Alvarado refused to answer further questioning by Border Patrol Agents.

DEA assumed custody of the case and both defendants agreed to answer questions.  Mendez stated that he and Alvarado were going to be paid $2,000 to transport marijuana to San Antonio for a man named "Alberto."  Mendez also stated that they were instructed by "Alberto" to wear the Time Warner Cable shirts and caps.  Mendez also stated that Alvarado was present during the entire negotiation of the transporting of the drugs.  Alvarado advised agents that he did not know anything about the drugs and that he had been working for Time Warner Cable, along with his cousin Mendez, for some time. He later admitted during his debriefing that he knew he was transporting drugs, but maintained that he thought the van contained 400 pounds of marijuana, not cocaine.

B.    <u>**Criminal Proceedings**</u>

On March 12, 2003, Alvarado was charged in a one count indictment with knowingly possessing with intent to distribute approximately 206 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2. (D.E. 1.)    Alvarado was initially represented by

2

appointed counsel Charles Cecil Starcher.  On February 20, 2003, Alvarado was  permitted to add retained counsel John R. De Leon as lead counsel and to continue with Mr. Starcher as his retained local counsel.  (See multiple docket entries dated February 20, 2003.)

On April 30, 2003, Alvarado pleaded guilty to the indictment pursuant to a written plea agreement providing that, in exchange for his guilty plea, the government would recommend a three-level credit for acceptance of responsibility and a sentence at the low end of the applicable guideline range. (D.E. 9, 10.)  Pursuant to the Court's instructions (D.E. 11), the probation department prepared a Presentence Investigation Report ("PSR").

The PSR calculated Alvarado's base offense level to be a 38.  (PSR at ¶ 11.)  It gave him a three-level credit for acceptance of responsibility, resulting in a total offense level of 35. (PSR at ¶¶ 10-20.)  His only conviction resulted in 1 criminal history point, and he had no other points, giving him a criminal history category of I. (PSR at ¶¶ 21-23.)  The resulting advisory guideline range for a term of imprisonment was 168 to 210 months.  (PSR at ¶ 38.)

Sentencing occurred on July 29, 2003.  (D.E. 27; see generally D.E. 39, Sentencing Transcript ("S. Tr.").)  Although defense counsel had not properly and timely filed written objections to the PSR, the Court nonetheless heard testimony and argument both as to whether or not Alvarado was entitled to safety valve relief, and whether he was entitled to a minor role reduction. (S. Tr. at 18, 43-44.)  The Court heard testimony from the case agent, who was cross-examined by Alvarado's attorney.  It also heard argument from counsel as to both the safety valve request and the request for a minor role reduction.  The Court denied the request for safety valve relief, finding that Alvarado's debriefing was not credible.  (S. Tr. at 88.)  The Court also denied the motion for a minor role reduction.  (S. Tr. at 97.)  The Court sentenced Alvarado to the low end of the guidelines, 168 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term, and imposed a $100 special

3

assessment and a $200 fine.  (S. Tr. at 102; D.E. 29.)  Judgment was entered on August 1, 2003. (D.E. 29.)

Alvarado timely appealed.  (D.E. 31.)  On appeal, he challenged this Court's finding that he was not credible and therefore did not qualify for safety valve relief. (D.E. 45.)  The Fifth Circuit affirmed in a per curiam opinion filed October 20, 2004. (D.E. 45.)  The Supreme Court granted Alvarado's petition for writ of certiorari, and vacated and remanded his sentence for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005).  (D.E. 46.)  On remand, the Fifth Circuit found that Booker did not affect Alvarado's sentence and it affirmed the sentence.  (D.E. 51.)

The Clerk received Alvarado's § 2255 motion on October 20, 2006.  (D.E. 53.)  It is timely.

### III.  MOVANT'S ALLEGATIONS

In his motion, Alvarado lists three primary grounds for relief, but he also makes additional claims in his supporting memorandum.   Construed liberally, his claims are as follows:

1.  He was denied effective assistance of counsel during the sentencing process because of a number of alleged errors by counsel, including:

  A.  His counsel failed to "present available evidence" demonstrating that the marijuana was worth more than the case agent testified, which would have shown that Alvarado's testimony regarding the transaction was credible;

  B.  His counsel failed to present any evidence in support of a request for safety valve;

  C.  His counsel failed to timely and properly file objections to the PSR; and

  D.  His counsel failed to file a motion for downward departure based on Alvarado's belief that he was transporting marijuana instead of cocaine.

2.  His counsel's cumulative errors during pretrial, plea, sentencing, and direct appeal, deprived him of effective assistance of counsel.  In addition to the alleged errors at sentencing, the other errors are all general claims without supporting facts, e.g., that his counsel failed to advise him "as to all facts and law relevant to his decision to plead guilty," that he failed to move for suppression of evidence, that he failed to "investigate or present the strongest issues available to Mr. Alvarado for his direct

4

appeal and failed to preserve viable issues for collateral review," and that he labored under an actual conflict of interest.  (D.E. 53 at 11-12, 30-31, 53-43.)

3.      He was denied "due process of law" because he was sentenced under a mandatory guideline scheme that was later held to be unconstitutional in United States v. Booker, 543 U.S. 220 (2005).   (D.E. 53 at 5, 12-13, 44-48.)

His § 2255 motion also contains sections in which he moves for an evidentiary hearing, moves for appointment of counsel, and moves for discovery in the form of the depositions of his sentencing attorneys. (D.E. 53 at 14-16, 49.)  As discussed in detail herein, Alvarado is not entitled to relief as to any of his claims.

## IV.  DISCUSSION

### A.      28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

### B.      Ineffective Assistance of Counsel

#### 1.      General Standards

With the exception of his claim pursuant to Booker, Alvarado's claims are all ineffective assistance of counsel claims.  Such claims are properly analyzed under the two-prong analysis set

forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  <u>United States v. Willis</u>, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  <u>Id</u>.  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. <u>United States v. Dovalina</u>, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other.  <u>Armstead v. Scott</u>, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"), <u>cert. denied</u>, 514 U.S. 1071 (1995); <u>Carter v. Johnson</u>, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 2.    Ineffective Assistance of Counsel at Sentencing

As noted above, Alvarado claims that his counsel was constitutionally deficient due to a number of different errors at sentencing.  In order for Alvarado to show that he suffered prejudice as a result of counsel's ineffectiveness at sentencing, he must show that there is a reasonable probability that, but for counsel's alleged errors, the sentencing would have been different.  <u>See</u> <u>United States v. Phillips</u>, 210 F.3d 345, 350 (5th Cir. 2000).  This requires him to show a reasonable probability that he would have received a lesser sentence.  <u>United States v. Grammas</u>, 376 F.3d 433, 438-39 (5th Cir. 2004).  As discussed herein, there is no evidence to support any contention that, but for his counsel's alleged errors, Alvarado would have received a lesser sentence.

6

### a.    Counsel's failure to "present available evidence" demonstrating that the marijuana was worth more than the case agent testified

Part of the story by Mendez and Alvarado that the Court did not find credible was their purported belief about what they were transporting.  Mendez told the case agent he thought they were hauling 50 pounds of marijuana and would be paid $2,000 each.  (S. Tr. at 52.)  According to the case agent, marijuana in South Texas was worth about $100 per pound.  (S. Tr. at 52-53.)  According to Mendez, then, he believed he and Alvarado were being paid a total of $4,000 to transport $5,000 worth of marijuana, a fact that the agent testified made no sense.  (S. Tr. at 52.)

Under Alvarado's scenario of 400 pounds, the value of the marijuana would have been $40,000.   In his § 2255 motion, Alvarado repeatedly states that 400 pounds of marijuana would have been worth $800,000 in Chicago (D.E. 53 at 10, 30, 39), or $2,000 per pound, although he does not provide any evidence to support that assertion, nor does he suggest who would have offered such testimony.   Nonetheless, he claims that, had the Court had this information, it would have understood that the $4,000 payment to Alvarado and his co-defendant was a reasonable payment.  Presumably, Alvarado believes that, had this Court understood that fact, it would have enhanced his credibility. This claim fails first because he has failed to produce any competent evidence to support his valuation of the marijuana.

Moreover, even if that evidence had been before the Court, Alvarado still cannot establish that it would have had a reasonable probability of changing his sentence.  It is clear from the sentencing transcript that it was not a single piece of information that the Court disbelieved, but various portions of the story told by Alvarado.  Both the case agent and the Court found a number of aspects of his story and his co-defendant's story to make no sense.  (See generally S. Tr. at 19-68; id. at 88 ("I do not find Mr. Mendez and Mr. Alvarado credible.  And I agree with the Agent's assessment of the debriefing

7

which is not credible.").)  Accordingly, even if counsel had produced credible evidence that would have shown that the marijuana Alvarado thought he was transporting was valued at $800,000, thereby making a $4000 payment a reasonable payment and enhancing Alvarado's credibility on this one minor point, Alvarado still has not shown prejudice.  That is, there is not a "reasonable probability" that the outcome of the proceeding would have been different because there were still too many other discrepancies in Alvarado's version of events for the Court to conclude that he had truthfully debriefed.  Because he cannot show prejudice, therefore, Alvarado's claim fails.

> **b.**     **Counsel's failure to present any evidence in support of a request for safety valve**

Alvarado's next claim is flatly contradicted by the sentencing record in this case.   The sentencing transcript clearly reflects that his counsel extensively cross-examined the case agent as to Alvarado's debriefing, that he argued for safety valve relief and that the Court denied it. (S. Tr. at 40-51, 75-78, 88.)  This claim thus fails on the basis of the plain record in this case.

> **c.**     **Counsel's failure to timely and properly file objections to the PSR**

Alvarado's claim that he was deprived of effective assistance of counsel because his attorneys failed to timely and properly file objections to the PSR fails because he cannot show prejudice. Although the Court noted that the objections had not been timely or properly filed, and chastised counsel regarding that failure, the Court nonetheless allowed the objections to be heard and heard both evidence and argument as to each of the objections that was contained within the written objections. (See, e.g., S. Tr. at 18, 43-44.)  Accordingly, no prejudice to Alvarado resulted from this failure.

> **d.** **Counsel's failure to file a motion for downward departure based on Alvarado's belief that he was transporting marijuana instead of cocaine**

Alvarado's assertion that no evidence was presented to the Court regarding his belief that he was transporting marijuana is belied by the record.  There were, in fact, repeated references at sentencing to Alvarado's belief and statements that he thought he was transporting marijuana. (S. Tr. at 54, 56-58, 79-80.)  Moreover, his argument that he was entitled to a reduced sentence because of his mistaken belief is not supported by the facts of the case or by Fifth Circuit authority.  Put differently, even if his counsel had asked for a downward departure on this ground, the Court would not have granted it.

As an initial matter, the Fifth Circuit has clearly held that, to prove a defendant's guilt who is charged with a violation of 21 U.S.C. § 841(a), the government must prove that the offense involved a specific type of drug and the quantity, but is not required to prove that a defendant knew the type and quantity of drug involved.  United States v. Gamez-Gonzalez, 319 F.3d 695, 699-670 (5th Cir. 2003). Rather, it is sufficient if the government proves that the defendant was aware that some controlled substance was involved.  Gamez-Gonzalez, 319 F.3d at 700.  Thus, despite his claimed lack of knowledge that he was carrying cocaine, Alvarado is still guilty of the offense, because he has admitted he knew he was transporting a controlled substance.  (See R. Tr. at 37 ; S. Tr. at 52, 79-80; PSR at ¶ 9); see Gamez-Gonzalez, 319 F.3d at 699-70.

Moreover, his lack of knowledge he was transporting cocaine would not have resulted in a lesser sentence or a downward departure from his sentencing guideline range, as he claims. (D.E. 53, Supp. Mem. at 40.)  Alvarado cites to a number of cases from other circuit courts (many of them unpublished) in support of this proposition.  (Id.)  In fact, most of these cases address a defendant's knowledge of the amount of drugs a co-conspirator had transported, and whether those amounts were

"reasonably foreseeable" to the defendant and thus properly attributed to him.  Thus, they do not

support Alvarado's proposition.  Even if there were authority in the Fifth Circuit stating that a

defendant is entitled to a lesser offense level for a cocaine offense if he believes it involves

marijuana, that authority would not assist Alvarado.  This Court emphasized at sentencing that it did

not find Alvarado's debriefing credible.  (S. Tr. at 88.)

   Moreover – and significantly – Alvarado made this same argument to the Fifth Circuit after

the case was remanded by the Supreme Court, and the Fifth Circuit rejected it.  The appellate court

stated: "Alvarado's assertion that the court would have sentenced him differently because he thought

he was transporting marijuana instead of cocaine is unpersuasive."  (D.E. 51 at 6.)  Thus, this claim

is not even properly before the Court.  United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986)

(noting that it has long been "settled in this Circuit that issues raised and disposed of in a previous

appeal from an original conviction are not considered in § 2255 Motions." and affirming district

court's refusal to entertain the defendant's § 2255 motion).

   **3.  Counsel's "Cumulative" Errors**

   Alvarado's remaining claims of ineffective assistance are vague and unsupported by any

factual detail.  They fail for this reason alone.  United States v. Pineda, 988 F.2d 22, 23 (5th Cir.

1993) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional

issue.") (citation omitted).  For example, Alvarado claims that his counsel failed to investigate, but

does not identify what facts such investigation would have revealed or how those facts would have

altered the outcome of his sentencing proceeding.  See  United States v. Green, 882 F.2d 999, 1003

(5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must

allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.").   Alvarado's failure to provide any specificity dooms his claim.  Moreover, there is no presumption of prejudice based on a failure to investigate.  Woodard v. Collins, 898 F.2d 1027, 1029 (5th Cir. 1990).

Likewise, he claims that his counsel failed to advise him of "facts and law" relevant to his plea of guilty, but does not specify what facts or law he is referring to or why it would have caused him to proceed to trial.  He also claims that had his counsel failed to move for suppression of evidence and dismissal of the indictment, but does not explain what evidence should have been suppressed or the grounds for the suppression or dismissal.  Similarly, he claims that his counsel labored under a conflict of interest, but does not say what the conflict was or how it affected counsel's representation.  Because he has not supported his claims with any facts whatsoever, they fail. See Pineda, 988 F.2d at 23.

Despite his failure to provide any supporting facts, Alvarado nonetheless claims that these "cumulative" errors entitle him to relief.  In his supporting memorandum, Alvarado relies on a Sixth Circuit case to support his claim that even if no single error by counsel would be sufficient to vacate a defendant's conviction or sentence, prejudice may result from the cumulative impact of multiple errors or deficiencies.  (D.E. 53, Supp. Mem. at 42.)  The Fifth Circuit's law is to the contrary. That is, "cumulative" error is not grounds for relief.  United States v. Hall, 455 F.3d 508, 520-21 (5th Cir. 2006) ("Our clear precedent indicates that ineffective assistance of counsel cannot be created from the accumulation of acceptable decisions and actions.") (citing Miller v. Johnson, 200 F.3d 274, 286 n.6 (5th Cir. 2000) and Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993)). Because the Court has found that Alvarado was not denied the effective assistance of counsel as to any of the individual

11

actions by counsel that Alvarado challenges, he is also not entitled to relief for alleged cumulative errors.

**C.**   **Claim Pursuant to *Booker***

The Fifth Circuit has already considered and rejected Alvarado's claim that his sentencing violated the principles of <u>Booker</u>.  (<u>See</u> D.E. 51.)  Where a claim was raised on direct appeal and rejected by the appellate court, it is procedurally barred from subsequent collateral review.  <u>United States v. Rocha</u>, 109 F.3d 225, 229-30 (5th Cir. 1997);  <u>United States v. Segler</u>, 37 F.3d 1131, 1134 (5th Cir. 1994); <u>Kalish</u>, 780 F.2d at 508.  Accordingly, Alvarado's claim pursuant to <u>Booker</u> is not properly before this Court.

In any event, even if the guidelines had been advisory at the time that Alvarado was sentenced, this Court would not have sentenced Alvarado below the advisory guideline range.  That guideline range accounted for all of the factors in 18 U.S.C. § 3553(a), and the sentence he received was "sufficient, but not greater than necessary, to comply with the purposes of [§ 3553(a)(2)]."  18 U.S.C. § 3553(a).

For the foregoing reasons, the Court finds that Alvarado is not entitled to relief on any of his claims.  Thus, the government's motion to dismiss (D.E. 56) is GRANTED, and Alvarado's § 2255 motion (D.E. 53) is DENIED.

**D.**   **Motions for Discovery, Appointment of Counsel and Evidentiary Hearing**

Alvarado's remaining motions are also denied.  As to his request to take the depositions of his two sentencing attorneys, the Court concludes that such discovery is not warranted in this case.  In particular, Alvarado has not explained what he hopes to learn through such depositions or how it would change the outcome in these proceedings. <u>See</u> RULES GOVERNING SECTION 2255 PROCEEDINGS

FOR THE UNITED STATES DISTRICT COURTS, Rule 6 (allowing a district judge to order discovery in § 2255 proceedings for good cause and requiring a party requesting discovery to provide reasons for the request).

Alvarado also requests an evidentiary hearing to resolve his § 2255 motion.  An evidentiary hearing may be held in § 2255 proceedings if the district judge determines that it is warranted.  RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURT 8(a).  Based on the record before it, the Court is convinced that an evidentiary hearing is unnecessary. Where, as here, the record is clearly adequate to dispose fairly of the movant's allegations, the court need inquire no further.  United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990).  Because Alvarado's motion and the record in this case are clearly adequate to dispose of his allegations, there is no need for an evidentiary hearing.

Finally, Alvarado's request for the appointment of counsel to represent him in these § 2255 proceedings is also denied.  Counsel is required to be appointed for a financially eligible party if an evidentiary hearing is held or if counsel is necessary for effective discovery.  RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURT 6(a), 8(c). The Court may also appoint counsel at other times, id. at 8(c), but the Court concludes that the appointment of counsel is not necessary in this case.

## E.   Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Alvarado has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a

13

petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Alvarado's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Alvarado is not entitled to a COA as to his claims.

## V. CONCLUSION

For the aforementioned reasons, the government's motion to dismiss (D.E. 56) is GRANTED, and Alvarado's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 53) is DENIED. Additionally, Alvarado is DENIED a Certificate of Appealability. Finally,

Alvarado's included motions for discovery, for an evidentiary hearing, and for appointment of counsel are also DENIED.

ORDERED this 23rd day of March, 2007.

Janis Graham Jack
United States District Judge